UNITED STATES of America

v.

Willie BULLOCK, Appellant.
(Three Cases)

Nos. 83–1585 to 83–1587.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 12, 1983.

Decided Jan. 13, 1984.

Harry J. Trainor, Lanham, Md., for appellant.

Daniel S. Seikaly, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty. at the time the brief was filed, Michael J. Farrell, and Daniel J. Bernstein, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before GINSBURG and BORK, Circuit Judges, and DOYLE,* Senior District Judge for the Western District of Wisconsin.

Opinion PER CURIAM.

PER CURIAM:

Appellant Bullock seeks review of the District Court's denial of his post-sentence motion to withdraw his plea of guilty. We affirm the District Court's judgment, but caution the government against statements in allocutions of the kind at issue here. *See* *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

In its plea agreement with Bullock, the government undertook not to request a sentence exceeding ten years minimum, thirty years maximum. The government, in a footnote to its presentence memorandum, correctly reported this undertaking, and also observed that the highest permissible sentence was fifty years. The text of the memorandum asked for the imposition of a sentence of "at least" ten years minimum, thirty years maximum. The District Court

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

imposed an aggregate sentence of ten to thirty-eight years.

At sentencing, Bullock's retained counsel suggested that the government's presentence memorandum deviated from the bargain "a little" by including certain statements about Bullock's activities. But counsel said nothing of the "at least" ten to thirty years statement, nor did he question in any other respect the form or substance of the government's length of sentence recommendation. No claim is here made that counsel was ineffective in failing to do so.

■ Fed.R.Crim.P. 32(d) provides that "[a] motion to withdraw a plea of guilty . . . may be made only before sentence is imposed . . .; but to correct manifest injustice the [trial] court after sentence may . . . permit the defendant to withdraw his plea." *See United States v. Davis,* 617 F.2d 677, 685 (D.C.Cir.1979) (permission to withdraw plea rests in trial court's sound discretion), *cert. denied,* 445 U.S. 967, 100 S.Ct. 1659, 64 L.Ed.2d 244 (1980). Taking into account the circumstances revealed in the transcripts of Bullock's plea and sentencing hearings and described in the District Court's April 25, 1983, Findings and Order, we cannot conclude that the District Judge abused his discretion in refusing to allow appellant to withdraw his guilty plea.

Bullock alleges, and we discern, no defect in the taking of his plea. Nor does he claim that he is innocent of the charges to which he pled guilty. *See United States v. Barker,* 514 F.2d 208, 220 (D.C.Cir.) (en banc) (whether defendant alleges innocence is an "important factor" to be weighed in deciding whether to permit withdrawal of guilty plea), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). Furthermore, the District Judge, alert to the character of the charges against Bullock,[1] concluded that trial at this time distance would place the government at a serious disadvantage in locating and gaining the cooperation of key witnesses. *United States v. Bullock,* Crim. No. 81–266, Findings and Order at 3–4

(D.D.C. Apr. 25, 1983), *reprinted in* Appendix for Appellant at 6–7; *see United States v. Barker,* 514 F.2d at 222 (prejudice to government's case is a factor in determining whether to allow defendant to withdraw guilty plea).

We also regard as significant the District Court's undisputed awareness, throughout the plea and sentencing processes, that the government's promise was to recommend a sentence of not more than thirty years; on three separate occasions—at the January 8, 1982, plea hearing, the February 2, 1982, plea hearing, and in footnote * of the Government Memorandum in Aid of Sentencing, *reprinted in* Supplement to Appendix for Appellant at 3 n. *—the District Judge was informed of the exact terms of the plea agreement. Thus, this case is unlike those in which a post-sentence application informs the trial court, for the first time, of a plea agreement term that the prosecutor allegedly failed to honor. *See, e.g., United States v. Hammerman,* 528 F.2d 326 (4th Cir.1975) (allegation that prosecutor had, unbeknown to sentencing judge, led defendant to believe judge would follow government's sentencing recommendation); *Dugan v. United States,* 521 F.2d 231 (5th Cir.1975) (allegation that government officials had, unbeknown to sentencing judge, promised defendant a maximum sentence of four years).

■ Here, the District Court comprehended from the government's written and oral presentations that thirty years, not more, was the government's recommendation. Inclusion of the words "at least" in the government's presentence memorandum shadowed an otherwise clear picture, and we admonish the government to avoid occasions for questioning its meticulous adherence to the terms of a plea bargain. *See Santobello, supra.* In view of the facts of this case, however, we are persuaded that no "manifest injustice" has occurred. *See* Fed.R.Crim.P. 32(d).[2]

---

1. Bullock faced multiple federal charges relating to the distribution of heroin.

2. Appellant relied heavily, both in his brief and at oral argument, on *Correale v. United States,* 479 F.2d 944 (1st Cir.1973). We think that

For the reasons stated, the judgment from which this appeal has been taken is

*Affirmed.*

reliance misplaced: Correale's "fundamental complaint," with which the First Circuit agreed, was that the sentence the prosecution promised to recommend was illegal, and thus the plea agreement was "impossible of fulfillment." *Id.* at 946, 946–47. No such problem was present here.