UNITED STATES of America,
Plaintiff-Appellee,

v.

Eddie Wayne BRUMMETT,
Defendant-Appellant.

No. 85–5720.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1986.

Decided March 20, 1986.

Ronald H. Ridenour, Clinton, Tenn., Patricia R. Hess, Donald R. Elledge (argued), for defendant-appellant.

John W. Gill, U.S. Atty., Knoxville, Tenn., Wm. Bradford Reynolds, Jessica Dunsay Silver, David K. Flynn (argued), U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before MARTIN and KRUPANSKY, Circuit Judges, and CHURCHILL,* District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

The defendant Eddie Wayne Brummett appeals the district court's denial of his motion to reconsider the denial of his Fed. R.Crim. P. 35 motion for correction or reduction of his sentence.

Brummett was a dispatcher with the Jellico Fire Department in Jellico, Tennessee. He had access to the keys to the cells in the Jellico City Jail and often relaxed at the jail during his off-duty hours. On October 20, 1984, Brummett was indicted for violating 18 U.S.C. § 241 and 18 U.S.C. § 242. The 18 U.S.C. § 241 count of the indictment charged that Brummett and codefendants Jerry E. Huff, Michael W. Bowlin, Harvey L. Douglas, and Tommy J. Bowlin conspired to violate the rights of Glen E. Gambel. Huff and Michael Bowlin, both then officers with the Jellico Police Department, conspired with Brummett to place Gambel in a cell with Douglas and Tommy Bowlin, both inmates at the jail. The inmates were instructed to assault and beat Gambel. The 18 U.S.C. § 242 count of the indictment charged that Brummett, Huff, and Michael Bowlin aided and abetted Douglas and Tommy Bowlin in beating Gambel.

Also on October 20, 1984, Brummett was separately indicted for his participation in a conspiracy to deprive Catherine J. Stacy of her rights. The 18 U.S.C. § 241 count of the indictment charged that Brummett conspired with Douglas to give him the key to Stacy's cell so that Douglas could sexually assault her. The 18 U.S.C. § 242 count charged that Brummett aided and abetted Douglas' sexual assault of Stacy.

On November 20, 1984, Brummett pled guilty to the 18 U.S.C. § 241 count of each indictment pursuant to a plea agreement with the government. The agreement did not specify the specific sentence to be imposed. Each violation carries a maximum possible penalty of ten years imprisonment and a fine of up to $10,000. Brummett received concurrent sentences of eight years and no fine; the sentences were imposed under the favorable parole provision of 18 U.S.C. § 4205(b). Among the other defendants, Huff received a ten-year sentence, Tommy Bowlin a three-year sentence, and Douglas concurrent seven-year sentences for each crime.

Following sentencing, Brummett filed a motion to reduce his sentence under Fed.R. Crim.P. 35. This motion was denied without a hearing on July 3, 1985. Brummett filed a motion to reconsider this denial. On July 17, 1985, the motion to reconsider was denied without a hearing. Brummett now appeals the denial of his motion to reconsider.

■ Brummett claims a violation of due process because the court allegedly based his sentence on erroneous assumptions which he was denied the opportunity to rebut. Brummett wishes to refute the court's alleged conclusions that he held the status of a police officer and that he owed the same duty of trust to the public as a police officer. At the sentencing hearing, the court actually stated:

Mr. Brummett, even though you were not initially working for the police department, you were there in the capacity of a dispatcher. You operated the radio there, you had custody of the keys to the jail, you were acting in an official capacity.

. . . . .

---

* The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation.

And he worked as a volunteer so-to-speak, helping the police department. He breached a duty of trust imposed upon him by virtue of his position there, imposed on him by the people in the county, violated that trust they had in him and these other officers.

The record also reveals that the court knew Brummett was an off-duty dispatcher for the fire department.

This Court has recognized that the sentencing court must rely on accurate information when assessing sentence. In *Collins v. Buckhoe*, 493 F.2d 343, 345 (6th Cir.1974), we stated:

While the discretion of the sentencing judge is broad with respect to the nature and source of information utilized by him in sentencing, there are nevertheless limitations imposed by the requirements of due process. These limitations include the requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.

In this case, it is clear that the sentencing court knew that Brummett was an off-duty fireman dispatcher and not a police officer. The court did not state that it was holding Brummett to the same duty of trust imposed on police officers; rather, it stated that he had "breached a duty of trust imposed upon him by virtue of his position there," known by the court to be an off-duty dispatcher. Brummett's due process rights were not violated because the court simply did not rely on any information "shown to have been materially false."

▮ Brummett also claims that the plea agreement into which he entered was breached by the prosecuting attorney. The breach of a plea agreement is a serious matter. Concerning plea bargaining, the Supreme Court stated:

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). This Court has stated that "[o]nce the court unqualifiedly accepts the agreement it too is bound by the bargain." *United States v. Holman*, 728 F.2d 809, 813 (6th Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 388, 83 L.Ed.2d 323 (1984). In short, "the law does not permit a criminal defendant to bargain away his constitutional rights without receiving in return either the benefit of his bargain ..., or, if the court rejects that bargain, reinstatement of the rights surrendered...." *Bercheny v. Johnson*, 633 F.2d 473, 476 (6th Cir.1980).

In this case, the United States made four promises in return for Brummett's plea and promise of cooperation: (1) to dismiss other charges; (2) to recommend concurrent sentences; (3) to recommend that if Brummett were sentenced to a prison term exceeding one year, that the court specify he may be paroled under 18 U.S.C. § 4205(b)(2); and (4) to refrain from recommending "a specific period of incarceration or a specific fine" for the offenses. Brummett claims that the government broke its fourth promise. We note that the agreement states that "the government will inform the Court that it believes that these offenses are serious and that some period of incarceration, to be determined by the Court, is appropriate for each offense."

At the sentencing hearing, Brummett's counsel argued that the harshest punishment he should receive would be to serve "a period of time of six months or so in a penal facility with probation being the remaining portion of it." In response to a question from the court concerning sentence recommendations, the government stated:

We believe that the recommendations made by [defense counsel] are, in fact,

too lenient and some period of incarceration, particularly more than six months, as recommended by the defense, is certainly appropriate. We would submit that a lengthy period of incarceration is appropriate in order to establish some deterrent value.

Again, Your Honor, the government is not going to make a specific recommendation as a part of the plea agreement. Our agreement indicates, for Mr. Brummett, we would simply recommend that some period of incarceration be imposed.

Brummett claims that the government breached the agreement by suggesting "a lengthy period of incarceration is appropriate" rather than simply recommending "some period of incarceration."

Although plea agreements are to be construed strictly, we conclude that the agreement was not breached in this case. The word "lengthy" clouds "an otherwise clear picture," *United States v. Bullock,* 725 F.2d 118, 119 (D.C.Cir.1984), but no breach has occurred; Brummett clearly received "the benefit of his bargain." *Bercheny,* 633 F.2d at 476. We do, however, "admonish the government to avoid occasions for questioning of its meticulous adherence to the terms of a plea bargain." *Bullock,* 725 F.2d at 119.

■ Citing among other factors his good record at school and work, his lack of criminal record, and no history of substance abuse, Brummett claims that his sentence is disproportionately excessive and violates the eighth amendment prohibition against cruel and unusual punishment. It is well established that "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972) (citing *Gore v. United States,* 357 U.S. 386, 393, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405 (1958)); *United States v. Barbara,* 683 F.2d 164, 166 (6th Cir.1982). The Supreme Court has made an exception to this principle when a sentence has been founded "at least in part upon misinformation of constitutional magnitude." *Tucker,* 404 U.S. at 447, 92 S.Ct. at 592. In this case, Brummett's sentence was less than half of his statutory exposure of twenty years and $20,000. The court, furthermore, relied upon no "misinformation of constitutional magnitude" and the sentence is clearly not disproportionately excessive so as to violate the eighth amendment prohibition against cruel and unusual punishment.

■ Finally, Brummett claims that the district court abused its discretion and violated his due process rights by denying without a hearing his Rule 35 motion. Brummett argues that he needed a hearing to rebut the "material and erroneous assumptions" of the sentencing judge. He further claims that the government's failure to oppose his motion indicated the government's tacit approval of his argument to reduce his sentence. It is well settled that Rule 35 motions are "addressed to the sound discretion of the district court and there is no requirement of a hearing." *United States v. Jones,* 490 F.2d 207, 208 (6th Cir.), *cert. denied,* 416 U.S. 989, 94 S.Ct. 2397, 40 L.Ed.2d 768 (1974); *see also Gov't of the Virgin Islands v. Gereau,* 603 F.2d 438, 443 n. 3 (3d Cir.1979). Under these circumstances where the judge relied on no misinformation in sentencing Brummett, the court did not abuse its discretion in refusing to hold a hearing on his Rule 35 motion. The failure of the government to oppose the Rule 35 motion, moreover, is simply one factor to be weighed by the sentencing judge and certainly is not dispositive of the decision whether to grant a hearing.

We hold that the sentencing of Brummett was conducted properly and the denial of his Rule 35 motion was appropriate. We affirm.