816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael TAUBEN, Defendant-Appellant.
 No. 86-3244.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1987.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Tauben appeals his jury conviction for distributing cocaine in violation of 21 U.S.C. Secs. 841, 843(b) & 846 and 18 U.S.C. Secs. 2 & 1952. For the reasons set forth below, we AFFIRM the conviction.
 
 
 2
 Appellant was the supplier/seller of approximately 2-1/8 kilograms of cocaine over a seven month period. He was indicted on August 22, 1985, and charged with unlawfully distributing cocaine. Trial was set for December 17, 1985. On December 16, 1985, appellant filed a motion for continuance. The motion was denied and the trial commenced as scheduled.
 
 
 3
 As part of a separate indictment, Lonnie Averdick and Gayle Jalli were indicted for unlawful travel between Ohio and Florida to facilitate the unlawful enterprise. At trial, they testified as government witnesses pursuant to plea arrangements.[1] Averdick and Jalli testified that appellant sold cocaine on four separate occasions, that it was necessary for the witnesses to travel to the State of Florida to obtain the cocaine from appellant, and that they used the telephone to make arrangements for the delivery and payment of the cocaine.
 
 
 4
 On December 20, 1985, the jury found appellant guilty as charged. He was sentenced to fifteen years imprisonment, plus three years special probation.
 
 
 5
 On appeal the appellant advances three principal arguments. Appellant initially argues that the fifteen year prison sentence is excessive and in violation of the eighth amendment because he is a first offender. He also argues that when his sentence is compared to the sentences of the co-conspirators, it constitutes cruel and unusual punishment. We disagree.
 
 
 6
 This court has held that sentences are generally not reviewable if they are within statutory limits. United States v. Brummett, 786 F.2d 720, 723 (6th Cir. 1986) (citing United States v. Tucker, 404 U.S. 443, 447 (1972)). An exception to this principle has been made when a sentence has been founded "at least in part upon misinformation of constitutional magnitude." Tucker, 404 U.S. at 447.
 
 
 7
 In this case appellant was exposed to a maximum sentence of 96 years. See 21 U.S.C. Sec. 841 (1986). His sentence of fifteen years was therefore within the statutory limit. This court cannot find any evidence that the sentence was based on misinformation of a constitutional magnitude. We thus find that appellant's argument has no merit.[2]
 
 
 8
 Appellant also argues that the lower court improperly considered three factual issues in the presentence report when it sentenced him. We do not agree. The district court specifically stated that these disputed factual issues were not to be taken into account in sentencing the appellant. Thus, this argument has no merit.
 
 
 9
 Appellant's final argument is. that the district court judge abused his discretion in denying the motion for a continuance. Appellant claims that he was healing from a broken arm and could not productively participate in the planning of his defense. However, the decision to grant a motion is within the sound discretion of the district court. United States v. Faymore, 736 F.2d 328, 335 (6th Cir.), cert. denied, 469 U.S. 868 (1984) (citing United States v. Van Dyke, 605 F.2d 220 (6th Cir.), cert. denied, 444 U.S. 994 (1979)). Given the fact that appellant had approximately 75 days to prepare for trial,[3] the lower court did not abuse its discretion in denying the motion.
 
 
 10
 Accordingly, for the reasons set forth herein, appellant's conviction is AFFIRMED.
 
 
 
 [1]
 Both received probation with six month commitments in a halfway house
 
 
 [2]
 Appellant's argument that his sentence, when compared to the sentence of the co-conspirators, is in violation of the eighth amendment also has no merit. The coconspirators cooperated with the United States and testified pursuant to a plea agreement. In contrast, appellant did not cooperate or do anything for the United States to assist them in prosecuting his source of supply
 
 
 [3]
 Appellant was arrested September 30, 1985, and went to trial December 17, 1985