835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Henry H. JACKSON, Defendant-Appellant.
 No. 87-3463.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1987.
 
 1
 Before KEITH, NATHANIEL R. JONES, MILBURN, Circuit Judges
 
 ORDER
 
 2
 This pro se defendant appeals an order of the district court which denied his motion for reduction of sentence filed pursuant to Rule 35, Federal Rules of Criminal Procedure. Defendant now moves for bail pending appeal. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In July 1985, defendant pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a) for which he was sentenced to two concurrent terms of seven years' imprisonment. Thereafter, he filed a motion pursuant to Rule 35, Federal Rules of Criminal Procedure, in which he sought a reduction of his sentence arguing that: 1) his early release from incarceration would permit him to provide for his family; 2) his sentence exceeds those accorded other individuals convicted of similar or more severe offenses; and 3) his convictions had been obtained in violation of the Interstate Agreement on Detainers. The district court, however, rejected each of those contentions and therefore denied the motion to reduce sentence. Defendant subsequently filed this appeal.
 
 
 4
 Review of the record discloses that the district court did not err in denying defendant's motion for a reduction in sentence. First, in regard to his argument that he should be given an early release due to familial obligations, such a claim does not concern the legality of his sentence and therefore must be raised in the district court within 120 days of its imposition of punishment. Fed.R.Crim.P. 35(b). As the motion which is the subject of this appeal was not filed within that time period, defendant's motion to reduce sentence, insofar as it is based upon his belief that he should be released in order to care for his family, is untimely.
 
 
 5
 Likewise, defendant's two arguments which can be construed as challenges to the validity of his sentence do not entitle him to relief under Rule 35, Federal Rules of Criminal Procedure, as the district court's determinations regarding those issues do not constitute an abuse of discretion. United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). Specifically, defendant's contention that his sentence was unduly harsh does not entitle him to a reduction in sentence as the penalty imposed upon him complies with the statutory limit for bank robbery contained in 18 U.S.C. Sec. 2113(a). United States v. Tucker, 404 U.S. 443 (1972); Brummett, 786 at 723. Furthermore, defendant's claim that his conviction was obtained through a violation of the Interstate Agreement on Detainers Act must also fail as the record discloses that he was not prejudiced by such an occurrence; in addition, defendant failed to raise the issue prior to or during the course of trial; and, most importantly, the record does not support that a violation of the Act even occurred. Mars v. United States, 615 F.2d 704 (6th Cir.), cert. denied, 449 U.S. 849 (1980).
 
 
 6
 Accordingly, the motion for bail pending appeal is denied and the district court's final order entered May 8, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.