920 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Warren MOORE, Defendant-Appellant.
 No. 90-5120.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Warren Moore appeals the district court's order denying his motion for reduction of sentence filed under Fed.R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Moore pleaded guilty on April 10, 1989 to one count of conspiracy to distribute marijuana from 1980 to March 1986, in violation of 21 U.S.C. Sec. 846, and one count of filing a false income tax return for the year 1981, in violation of 26 U.S.C. Sec. 7206(1). On July 10, 1989, the district court sentenced Moore to three years imprisonment on each count, with the sentences to run concurrently. The court also imposed a fine of $25,000 plus a special assessment of $100.
 
 
 3
 On November 6, 1989, Moore presented a motion pursuant to Criminal Rule 35(b) seeking a reduction of sentence on two grounds. First, Moore claimed that, after sentencing, he was instrumental in convincing an acquaintance who was wanted in Minnesota to surrender to federal marshals. Second, Moore requested alternative sentencing so that he could be with his minor son, as the child's mother was undergoing drug rehabilitation. The government opposed the motion, partly on grounds that only the government may file a motion under amended Rule 35(b) and, therefore, the district court lacked jurisdiction over Moore's motion.
 
 
 4
 The district court determined that it had jurisdiction, but denied the motion in an order filed January 3, 1990 on the ground that the imposed sentence was already as lenient as the court desired it to be under the facts of the case.
 
 
 5
 On appeal, Moore argues that the district court incorrectly accepted the government's assessment of his post-sentencing assistance and therefore refused to consider his evidence on that issue. He also alleges that the district court failed to resolve or correct disputed factual issues in the presentence report, as required under Rule 32(c)(3)(D). Moore is represented by counsel in his appeal.
 
 
 6
 We shall affirm the district court's order because Moore has failed to show that the district court abused its discretion or relied upon materially false information in passing sentence. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986); United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987).
 
 
 7
 Contrary to the government's argument, the pre-1987 version of Rule 35(b) is applicable to this case. Congress specifically provided that its amendment to Rule 35(b) applied only to post-1987 offenses. See Sentencing Act of 1987, Pub.L. No. 100-182, Sec. 22, 101 Stat. 1266, 1271 (Dec. 7, 1987). Since Moore's offense occurred before 1987, the district court correctly assumed jurisdiction over his Rule 35 motion.
 
 
 8
 We find no evidence that the district court relied on the government's assessment of the extent of Moore's assistance and no abuse of discretion in its denial of his Rule 35 motion. Moreover, the transcript of the sentencing proceedings shows that the district court substantially complied with Rule 32(c)(3)(D) in its stated reliance on the plea agreement and on Moore's good behavior since 1986 in sentencing. See United States v. Graham, 856 F.2d 756, 762 (6th Cir.1988), cert. denied, 109 S.Ct. 1144 (1989).
 
 
 9
 Accordingly, the district court's order denying Moore's motion to reduce sentence, filed January 3, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.