928 F.2d 1134
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Jewell WILLIAMS, Defendant-Appellant.
 No. 89-2075.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 Mich.E., 87-80819, Hackett.
 E.D.Mich.
 AFFIRMED.
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Jewell Williams, a federal prisoner, appeals the district court's order denying his motion for correction or reduction of sentence filed under Fed.R.Crim.P. 35(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams was indicted in December 1987 on nine counts of wire fraud for falsely reporting lost or stolen traveler's checks and receiving replacement checks. On December 29, 1987, Williams pleaded guilty to counts seven and nine, pursuant to a plea agreement which called for a maximum sentence of four years on each count, no agreement on fines, and dismissal of the remaining counts. The government made several additional promises, including the promise to recommend that Williams be sentenced to a facility with a drug treatment program. The district court sentenced Williams on March 3, 1988 to four years imprisonment on each count, to be served consecutively. The court also imposed a $100 special assessment and ordered Williams to pay $200 restitution. In accordance with the plea agreement, the court recommended that Williams be confined in an institution with an intensive drug therapy program. On August 25, 1988, Williams was sentenced to an additional three years imprisonment by another judge because his new criminal activity violated his probation from an earlier conviction.
 
 
 3
 Williams appealed his conviction on two grounds: (1) abuse of discretion in sentencing, and (2) ineffective assistance of counsel. The Sixth Circuit affirmed Williams's conviction and sentence in an unpublished opinion, United States v. Williams, No. 88-1256 (6th Cir. June 6, 1989).
 
 
 4
 In his Rule 35 motion, Williams argued that an eleven-year sentence for stealing $200 was excessively harsh, particularly when compared with the sentence guidelines for his crime and the average sentence given to similarly situated defendants. In addition, he argued that evidence of his drug rehabilitation in prison and payment of the fine and restitution showed he was capable of becoming a contributing member of society and fulfilled the purpose enunciated by the sentencing judge in imposing his sentences consecutively. Finally, Williams argued that his sentence should be modified so as to give effect to the U.S. Parole Commission's decision that he be released on parole on May 9, 1990, with a special drug aftercare program condition. (His additional three-year sentence for probation violation caused the Commission to revise that date to May 14, 1991.)
 
 
 5
 The district court denied Williams's motion in an order filed July 20, 1989. The court determined that no new facts had been presented which merited a reduction of the sentence imposed pursuant to the plea agreement, and that the court had no control over either the probation violation sentence imposed by another judge or the parole date set by the Parole Commission. Williams's motion for rehearing or reconsideration was denied on August 3, 1989. His untimely notice of appeal was rendered timely by the district court's subsequent grant of an extension of time. Thus, this court has jurisdiction over the appeal.
 
 
 6
 On appeal, Williams argues that: (1) the district court imposed a sentence greater than necessary to comply with the purposes set forth by law, (2) the district court ignored his request to give the Parole Commission jurisdiction under 18 U.S.C. Sec. 4205(b)(2) to vary his parole date from that required by law, and (3) the sentence imposed is inconsistent with those imposed on similarly situated defendants.
 
 
 7
 We affirm the district court's order because Williams has failed to show that the district court abused its discretion in passing sentence or denying his motion. United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986); United States v. Robinson, 700 F.2d 205, 214 (5th Cir.1983), cert. denied, 465 U.S. 1008 (1984).
 
 
 8
 Accordingly, the district court's order denying Williams's motion for correction or reduction of sentence is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.