933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Robert LANG, Defendant-Appellant.
 No. 90-1736.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1991.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 John Robert Lang, a federal prisoner, appeals the district court's order denying his motion to reduce sentence filed under the version of Fed.R.Crim.P. 35(b) applicable to offenses occurring before November 1, 1987. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lang pleaded guilty on January 25, 1990, to one count of conspiracy to import and possess with intent to distribute marijuana and one count of income tax evasion. For much of the period between 1979 and 1985, Lang was a distributor for the metropolitan Detroit area in a marijuana importation and distribution conspiracy headed by Michael Vogel. In accordance with a Rule 11 plea agreement, the district court sentenced Lang to seven years imprisonment for the conspiracy count and to five years imprisonment for the tax count. The sentences were to run concurrently. In addition, the court imposed a $10,000 fine and $100 in special assessments. The plea agreement also called for Lang to pay $250,000 in forfeitures, tax liabilities, and penalties, which Lang had already paid at the time of sentencing.
 
 
 3
 On May 22, 1990, Lang submitted to the district court a motion to reduce his sentence in order to: (a) bring his sentence in line with those of other individuals involved in the conspiracy, (b) recognize the extent of his actual and potential rehabilitation, and (c) reflect the importance of his cooperation with the government. At the same time Lang requested an oral hearing on his motion. The district court denied oral hearing in a form entitled "Request for Response and Order for Submission and Determination of Motion without Oral Hearing." Lang's motion for reconsideration was denied along with his Rule 35 motion in an order filed June 18, 1990. The district court found that there was no information relevant to the motion which was not adequately conveyed in Lang's brief and that nothing had been shown to justify a reduced sentence that had not already been considered by the court when sentence was initially fixed.
 
 
 4
 On appeal, Lang argues that the district court abused its discretion in summarily denying his request for oral argument and in denying his motion for reduction of sentence in light of the fact that the trial judge had allegedly never granted either oral argument or a reduction of sentence during his time on the bench. Lang is represented by counsel in this appeal.
 
 
 5
 Upon review, we affirm the district court's order because the record shows that there was no abuse of discretion in the district court's denial of Lang's motion. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). The order can be disturbed only for illegality or gross abuse of discretion. United States v. Robinson, 700 F.2d 205, 214 (5th Cir.1983), cert. denied, 465 U.S. 1008 (1984). Lang has demonstrated neither. The record shows that the court fully and fairly considered Lang's background, level of involvement in the Vogel Organization, cooperation with the government, and potential for rehabilitation when it imposed sentence and again when it considered Lang's Rule 35 motion. Although Lang claims three significant developments since imposition of his sentence, the district court did not err in finding them insufficient to warrant a reduction.
 
 
 6
 Further, as there is no showing that the district court relied on misinformation in sentencing Lang, it was not an abuse of discretion to deny an oral hearing on the motion. Brummett, 786 F.2d at 723.
 
 
 7
 Finally, the only relevant issue for review in this case is the district court's proper consideration of Lang's motion. The district court's consideration of other Rule 35 motions is immaterial to that review.
 
 
 8
 Accordingly, the district court's order denying reconsideration of Lang's request for oral argument and denying his motion for reduction of sentence is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.