941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garry A. McCLAIN, Defendant-Appellant.
 No. 91-5401.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 1
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 Garry A. McClain, a pro se federal prisoner, appeals the district court's order dismissing his motion for a reduction of sentence filed pursuant to 18 U.S.C. § 3582(c) and Fed.R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In November 1988, McClain entered into a plea agreement with the government pursuant to Fed.R.Crim.P. 11. Consistent with the agreement, he pled guilty to one count of possession of cocaine with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). McClain was sentenced to sixty-three months imprisonment on May 5, 1989. Subsequently, on May 1, 1990, McClain filed his motion for reduction of sentence. He asserted: (1) that extraordinary circumstances, his heart condition, were present which would require the reduction of his sentence pursuant to U.S.S.G. § 5H1.4; (2) that his separation from his wife and children increases his stress and adds to his heart problem; and (3) that based upon his substantial assistance to the government he was entitled to a reduction of his sentence, even though the government had not moved for a downward departure pursuant to U.S.S.G. § 5K1.1.
 
 
 4
 After a review, the district court denied the motion for reduction, finding: (1) that McClain's medical condition was taken into consideration at sentencing and that McClain has not alleged any new, mitigating or aggravating facts concerning his medical condition; (2) that McClain's assistance to the authorities was taken into consideration at sentencing and that McClain has not alleged any new facts; and (3) that Rule 35 permits a court to reduce a sentence for substantial assistance only on motion by the government and no such motion had been made. McClain has filed a timely appeal. On appeal, he raises the issues which were before the district court and also asserts that the district court erred when it allowed the government to drop one of the charges against him without leave of court. In addition, McClain has filed a separate motion seeking the appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying the motion for a reduction of sentence. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). Even when construed as a motion to vacate under 28 U.S.C. § 2255, the district court's dismissal of the action is proper because the files and records of the case conclusively show that McClain is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 6
 Accordingly, the motion for counsel is hereby denied; and the district court's judgment is hereby affirmed for the reasons stated in the district court's order filed March 6, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation