995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Allen COLLINS, Defendant-Appellant.
 No. 92-5933.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 E.D.Tenn., No. 90-00090, Edgar, J.
 
 
 1
 E.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KEITH and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 4
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In 1990, David Allen Collins was convicted after a jury trial of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 and received a three year term of imprisonment. The conviction was affirmed on direct appeal in an unpublished opinion. United States v. Collins, No. 91-5215 (6th Cir. Feb. 20, 1992). Collins thereafter filed a motion for sentence correction or modification under the version of Criminal Rule 35 in effect for offenses committed prior to November 1, 1987. The district court summarily denied the relief sought and this appeal followed. The parties have briefed the issues and have not manifested a desire to submit the case for oral argument.
 
 
 6
 Upon consideration, we find no reversible error in the decision on review. Collins was Coordinator of Elections for the State of Tennessee when he plotted with others to manufacture and sell new ballot boxes to Tennessee while concealing his role in the transaction. At that time, Tennessee prohibited state employees from bidding on state contracts. The scheme was ultimately abandoned but Collins was later indicted for and convicted of mail fraud. The court found at sentencing that the potential loss involved $400,000 and proceeded to sentence Collins to a three year term of imprisonment, two years less than the maximum permitted. Collins thereafter filed a Criminal Rule 35 motion (pre-November 1, 1987 amendment) in which he contended that the evidence placed the actual amount of the loss involved somewhere between zero and $117,590. On appeal, counsel for Collins has narrowed this issue; he is now claiming that "the underlying fraudulent activity of the conspiracy, if completed, would have resulted in no actual loss."
 
 
 7
 A district court's decision to deny a pre-amendment Criminal Rule 35 motion will not be disturbed absent an abuse of discretion. United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). Collins's Rule 35 motion is liberally sprinkled with references to the impact of the loss determination on Collins's parole. In this regard the Rule 35 motion does not represent the classic "plea for leniency," but is rather an attempt to question a finding of fact essential to a parole decision that could not be reviewed if made by the Parole Commission. See Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984) (substantive decisions of the Parole Commission not subject to judicial review). There is no authority to support the view that this is the proper function for a Rule 35 motion in general or that a Rule 35 motion may thus be used specifically to circumvent the Farkas rule. In addition, counsel for Collins takes the position on appeal that there was absolutely no proof of loss in support of the district court's determination. This stance flies in the face of the record. As the government points out, the trial transcript contains at least three references by co-conspirators to the amount of anticipated profit that support the district court's finding. The court's denial of the Rule 35 motion before us would thus not appear to have been an abuse of discretion.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation