996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Genovis Dewayne DURR, Defendant-Appellant.
 No. 91-4006.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 1
 Before GUY and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Genovis Dewayne Durr, a pro se federal prisoner, appeals a district court order denying his motion for reduction of sentence filed under Fed.R.Crim.P. 35(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1989, Durr pleaded guilty to one count of armed robbery and four counts of unarmed robbery in violation of 18 U.S.C. §§ 2113(a) and (d). He was sentenced on August 24, 1989, to five concurrent prison terms of 240 months followed by five years supervised release. This sentence reflected an upward departure, pursuant to U.S.S.G. § 4A1.3, from the calculated guideline range of 100 to 125 months on the ground that Durr's criminal history category significantly under-represented the seriousness of his criminal background, his propensity for violence, and the likelihood he would commit future crimes. Durr's direct appeal was untimely and was therefore dismissed for lack of jurisdiction. United States v. Durr, No. 89-3842 (6th Cir. Nov. 13, 1989).
 
 
 4
 Durr subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255. The district court denied the motion in an opinion and order filed on June 4, 1990. Over a year later, on September 3, 1991, Durr sent the district court a letter which was construed as a motion for reduction of sentence under Rule 35(b); the letter indicated that Durr believed that his motion to vacate was still pending. The district court denied the Rule 35(b) motion in an order filed on September 23, 1991.
 
 
 5
 On October 11, 1991, Durr filed a notice of appeal which sought to appeal the district court's denial of his § 2255 motion to vacate. A panel of this court, construing the notice as one from the Rule 35(b) denial and also as a motion for extension of time to appeal from that order, remanded the case to the district court for a ruling on the motion for extension of time. United States v. Durr, No. 91-4006 (6th Cir. Feb. 25, 1992). The extension was granted and Durr filed a second notice of appeal, again citing the denial of his § 2255 motion. This court dismissed the second appeal as untimely, but noted that both sought to appeal the same final order. Durr v. United States, No. 92-3610 (6th Cir. Aug. 14, 1992).
 
 
 6
 In this appeal, Durr argues that: (1) he received ineffective assistance of counsel; (2) his criminal history was double-counted in determining his sentence; (3) the district court used erroneous information in the presentence investigation report to support enhancement of his sentence; and (4) he received no prior notification of enhancement. Durr has filed a motion for the appointment of counsel.
 
 
 7
 Upon careful review, we affirm the district court's order. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986).
 
 
 8
 A reduction of sentence under Rule 35(b), as applied to offenses committed after November 1, 1987, may be granted only upon motion of the government. The government has made no such motion in this case. Thus, the district court clearly did not err in denying Durr's motion.
 
 
 9
 Even if this appeal were construed as being from the order denying Durr's § 2255 motion, as he apparently intended, Durr is not entitled to relief as this court would lack jurisdiction to consider it. The notice of appeal, filed over a year after entry of the district court's order denying the motion to vacate, is clearly untimely. Pursuant to Fed.R.App.P. 4(a)(5), the district court was authorized to grant a maximum of only 30 days from the expiration of the appeal period for filing a notice of appeal in the § 2255 action. Fed.R.App.P. 4(a)(6), as revised effective December 1, 1991, provides for an extension of the appeals period where a party did not receive notice of the entry of judgment within 21 days of its entry. However, even if this provision were retroactively applied to this case, Durr would still not be entitled to relief because more than 180 days had passed between the district court's entry of judgment on June 4, 1990 and Durr's letter of September 23, 1991. See Fed.R.App.P. 4(a)(6)(b).
 
 
 10
 Accordingly, we deny the motion for the appointment of counsel. The district court's order, entered on September 23, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation