7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Ray GRAHAM, Defendant-Appellant.
 No. 91-3155.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1993.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Johnny Ray Graham is a federal prisoner who appeals pro se from a district court judgment denying his Motion for Reduction of Sentence filed under former Fed.R.Crim.P. 35. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1986, Graham was convicted by a jury on one count of unlawfully converting government funds and four counts of using interstate telephone communications with the intent to bribe a sheriff. Cf. 18 U.S.C. §§ 641 and 1952(a)(3). He is now serving an aggregate sentence of 30 years' imprisonment as a result of these convictions.
 
 
 4
 Graham alleged eleven specific grounds for relief in his current motion: 1) jurisdiction and venue were improper; 2) his indictment was improper; 3) he was not afforded proper discovery; 4) his conviction was based on perjured testimony; 5) prosecution witnesses were rewarded by the government; 6) prosecution witnesses were not sequestered during trial; 7) the jury was not instructed on the element of scienter; 8) there were factual inaccuracies in his presentence investigation report; 9) the special assessment provision of 18 U.S.C. § 3013 is unconstitutional; 10) his sentence violated double jeopardy; and 11) he was denied an entrapment defense. The district court denied Graham's Rule 35 motion on January 30, 1991. The court also denied Graham's motion to correct his presentence investigation ("PSI") report under Fed.R.Crim.P. 32. It is from this judgment that Graham now appeals. His brief on appeal contains a request for counsel.
 
 
 5
 In his appellate brief, Graham argues only that the trial court considered inaccurate information at sentencing. Thus, he has abandoned the other ten claims that were raised in his Rule 35 motion. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 6
 The district court's denial of a Rule 35 motion is reviewed for an abuse of discretion. United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). The district court did not abuse its discretion here because the merits of Graham's remaining claim had already been decided against him on direct appeal. See United States v. Graham, 856 F.2d 756 (6th Cir.1988), cert. denied, 489 U.S. 1022 (1989).
 
 
 7
 Graham argues that the district court relied on inaccurate information at sentencing. The disputed information indicated that Graham had misrepresented his medical condition and that he had threatened witnesses from his trial. However, this court clearly rejected these claims on direct appeal. We held that the district court had not erred by failing to make a specific determination regarding the accuracy of the contested information because there was no indication that the court had relied on an alleged threat in fashioning Graham's sentence. Id. at 762. We also held generally that the district court had committed no errors in sentencing Graham. Id. at 757.
 
 
 8
 * In light of these holdings, the district court correctly applied the law of the case doctrine in resolving Graham's Rule 35 motion. See Petition of U.S. Steel Corp., 479 F.2d 489, 493-94 (6th Cir.), cert. denied, 414 U.S. 859 (1973). "[O]nce an appellate court has ruled on a particular issue, absent exceptional circumstances, the ruling is final and must be followed by the district court on remand." Miles v. Kohli & Kaliher Assocs., 917 F.2d 235, 241 (6th Cir.1990).
 
 
 9
 Graham argues that reconsideration of his claim is justified because he has obtained records which indicate that he had not lied about his medical condition, because the Bureau of Prisons continues to rely on his PSI report, because his lengthy sentence separates him from elderly family members and because his sentence is not consistent with the sentence that he would now receive under the Sentencing Guidelines. In pre-guidelines cases, like Graham's, this court has recognized that a sentence imposed by a federal district judge is generally not subject to review if it falls within statutory limits. Brummett, 786 F.2d at 723. Such a sentence may be reviewed if it is based "at least in part upon misinformation of constitutional magnitude." Id. (quoting United States v. Tucker, 404 U.S. 443, 447 (1972)). However, Graham's sentence does not exceed the statutory limits that existed at the time his offenses were committed. Moreover, consideration of the alleged misinformation that he points to would not amount to an error of constitutional dimensions. See Brummett, 786 F.2d at 723.
 
 
 10
 Accordingly, Graham's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation