37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harvey MORANT, Defendant-Appellant.
 No. 94-1340.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1994.
 
 1
 Before: JONES, SILER and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order denying his Fed.R.Crim.P. 35 motion to correct an illegal sentence. He has filed a motion for release pending the appeal and a motion to default the government for not responding to his motion for release. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Harvey Morant pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine. On January 18, 1990, Morant was sentenced to serve ten years of imprisonment, the maximum term provided for in the plea agreement. He did not appeal his conviction or sentence.
 
 
 4
 In a motion to correct his sentence, filed under the version of Rule 35 that is applicable to offenses committed prior to November 1, 1987, Morant asserted that the district court relied on erroneous information at sentencing. The district court noted that the conspiracy in which Morant participated involved the widespread distribution of both heroin and cocaine. Morant maintained that he had no involvement with heroin, that the government could not prove otherwise, and that he would not have pleaded guilty if he had known that the district court would base his sentence on the erroneous allegation. Morant also contended that the indictment was duplicitous because it charged both a conspiracy to distribute cocaine and a conspiracy to distribute heroin in a single count. Finally, he complained that the district court failed to adhere to the requirements of Fed.R.Crim.P. 11 prior to accepting his guilty plea.
 
 
 5
 Upon review, we conclude that the order denying the Rule 35 motion to correct sentence was not an abuse of the district court's discretion. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986).
 
 
 6
 Rule 35 may only be used to correct a sentence and does not provide a vehicle to attack the conviction or any proceedings prior to the imposition of sentence. United States v. Willis, 804 F.2d 961, 964 (6th Cir.1986). Motions filed pursuant to Rule 35(a), which may be brought at any time, are limited to those claiming an illegal sentence. A defendant may not challenge his sentence as one "imposed in an illegal manner" under Fed.R.Crim.P. 35(b) unless it is filed within 120 days of the imposition of sentence. See United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990). Morant filed his motion on August 18, 1993, three and a half years after sentencing. His claims that the indictment was duplicitous and that the district court failed to adhere to Fed.R.Crim.P. 11, therefore, do not provide a basis for relief.
 
 
 7
 Morant's assertion that his sentence is based on erroneous information also does not entitle him to relief. Although Rule 35 may be used to challenge an illegal sentence, i.e., one that is excessive or based at least in part on misinformation of constitutional magnitude, see Brummett, 786 F.2d at 723, Morant has not shown that his sentence is illegal. The district court's comment at sentencing, that the drug scheme also involved heroin, is not misinformation of constitutional magnitude. Morant cannot show that he was denied any constitutional protections because the actual sentence imposed was one provided for by the plea agreement; Morant received the benefit of his bargain. See Bercheny v. Johnson, 633 F.2d 473, 476 (6th Cir.1980).
 
 
 8
 Even when Morant's motion is construed as one brought under 28 U.S.C. Sec. 2255, he is not entitled to relief. Morant is foreclosed from presenting his claims in a Sec. 2255 motion to vacate sentence because he has not shown cause for or actual prejudice from his failure to pursue a direct appeal of his sentence. See United States v. Frady, 456 U.S. 152, 167-69 (1982).
 
 
 9
 Accordingly, all pending motions are denied as moot and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation