**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert DAVIS, Defendant–Appellant.**

**No. 00–1539.**

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Before MOORE, COLE, and FARRIS,* Circuit Judges.

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District

of Michigan, sitting by designation.

This federal prisoner appeals the term of imprisonment imposed upon him at resentencing. The parties have waived oral argument on appeal. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1987, before the November 1, 1987 effective date of the United States Sentencing Guidelines, Robert Davis committed the following offenses: 1) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c); 2) using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); 3) possession of a sawed-off shotgun in violation of 26 U.S.C. § 5871; and 4) being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B). The district court sentenced Davis to an aggregate thirty-five year term of imprisonment. This court affirmed Davis's convictions and sentence on appeal.

Thereafter, in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the parties agreed that Davis's conviction for using a firearm during a drug trafficking crime should be vacated and Davis resentenced. The district court conducted a resentencing hearing and vacated Davis's § 924(c) conviction, but the court otherwise let the original sentence stand—an aggregate thirty-year sentence. Davis appeals.

On appeal, Davis argues that: 1) the district court erred when resentencing him by not considering his post-offense rehabilitation while incarcerated; and 2) the district court erred at his resentencing by not ordering the preparation of a revised presentence investigation report.

Initially, we note that this is an "old law" case that does not call into question a sentencing guideline computation. The United States Sentencing Guidelines apply to offenses occurring on or after November 1, 1987, including conspiracies or continuing frauds that began before but continued past November 1, 1987. *Prince v. United States*, 46 F.3d 17, 18 (6th Cir. 1995). In pre-guidelines cases, like Davis's, this court has recognized that a sentence imposed by a federal district judge is generally not subject to review if it falls within statutory limits. *United States v. Brummett*, 786 F.2d 720, 723 (6th Cir.1986). Such a sentence may be reviewed if it is based "at least in part upon misinformation of constitutional magnitude." *Id.* (quoting *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)). However, Davis's sentence does not exceed the statutory limits that existed at the time his offenses were committed. Moreover, consideration of the alleged misinformation that Davis points to would not amount to an error of constitutional dimensions. *See Brummett*, 786 F.2d at 723.

Accordingly, the district court's judgment is hereby affirmed.

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.