[Cite as *Oregon v. Gaughan*, 2020-Ohio-4092.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Oregon                    Court of Appeals No. L-19-1084

      Appellee                              Trial Court No. 18CRB01253

v.

Robert F. Gaughan                               **DECISION AND JUDGMENT**

      Appellant                             Decided:   August 14, 2020

* * * * *

Melissa Purpura, City of Oregon Prosecutor, for appellee.

Angelina Wagner, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} Appellant, Robert. F. Gaughan, appeals the April 2, 2019 judgment of the Oregon Municipal Court, sentencing him to 180 days in jail and imposing a $200 fine following his conviction for domestic violence.  For the reasons that follow, we reverse the trial court's judgment.

## I. Background

{¶ 2} On December 5, 2018, appellant was indicted on one count of domestic violence in violation of R.C. 2929.25(A), a first-degree misdemeanor. The charge arose from an altercation between appellant and his then-girlfriend, M.K., which occurred the previous day at a retail store located in Oregon, Ohio. As appellant and the victim argued over the use of a state-issued benefit card, appellant allegedly threw the card at M.K. and elbowed her in her tailbone. Appellant was arrested later that day. Following his arrest, appellant appeared before the Oregon Municipal Court for a hearing on the issuance of a temporary protection order and to determine his bond. Appellant consented to the granting of the temporary protection order which was issued the same day. The trial court ordered appellant to be held in custody pending payment of a $50,000 bond and conditioned any release on appellant submitting to GPS monitoring. Appellant requested, and the trial court appointed him defense counsel based on his indigency status.

{¶ 3} Appellant and his appointed counsel appeared before the trial court on December 7, 2018, and entered a not guilty plea to the single count against him. On December 11, 2018, appellant again appeared before the trial court for a change of plea hearing. Appellant informed the trial court that M.K. "has a habit of calling and saying things that don't really happen." Appellant also described the allegation against him as "false." Nevertheless, appellant stated that because he was facing termination of his employment and homelessness while the charge was pending that entering a no contest plea was "pretty much what [he has] to do" in order to be released. The trial court

2.

accepted appellant's plea and ordered him to participate in a presentencing investigation. Appellant was released on his own recognizance pending sentencing and ordered to have no contact with the victim. The trial court set the matter for sentencing on February 5, 2019. At sentencing, appellant informed the trial court that he had learned of a potential basis to support a motion to withdraw his plea. The trial court continued the sentencing hearing to February 11, 2019, to permit appellant to discuss this issue with counsel.

{¶ 4} On that date, appellant filed a motion to withdraw his no contest plea pursuant to Crim.R. 32.1. Appellant's motion alleged that M.K. provided a victim impact statement during the presentencing investigation which provided exculpatory information related to the domestic violence charge—namely, that the incident did not occur. Appellant argued that the inconsistent statement, of which he was not and could not have been aware of at the time he entered his plea, could provide him with a complete defense to the charge. On March 15, 2019, appellant filed a motion for the trial court to release a copy of M.K.'s victim impact statement to him pursuant to R.C. 2930.14. A combined hearing on appellant's motions was conducted on April 2, 2019. The state filed its opposition to appellant's motion to withdraw his plea and his motion for release of M.K.'s victim impact statement on the day of the hearing. The state argued, essentially, that because appellant's plea was properly entered under the Rules of Criminal Procedure, and without knowledge of M.K.'s subsequent recantation of the underlying event, that he had knowingly entered his plea and his motion should be denied. The

3.

state's opposition did not address whether the impact of M.K.'s statement could support a defense for appellant.

{¶ 5} At the hearing, the trial court first heard the parties' arguments on appellant's motion for release of the victim impact statement. The trial court orally denied appellant's motion and proceeded to conduct a hearing on appellant's motion to withdraw his plea.[1] Over the state's objection, appellant called M.K. as the only witness at the hearing. On appellant's direct examination, M.K stated that she did not recall providing a victim impact statement in which she stated that the altercation between her and appellant did not occur. Appellant attempted to refresh M.K.'s recollection of her victim impact statement by asking the trial court to release a copy for the purposes of M.K.'s testimony only. The state objected arguing the trial court's prior decision not to release the statement precluded it from being used during M.K.'s testimony. The trial court sustained the state's objection. Appellant then sought to have the trial court provide M.K. with a copy of her statement without releasing it to counsel to refresh her recollection. The trial court also denied this request and appellant concluded his questioning of M.K.

{¶ 6} During the state's cross-examination, M.K. acknowledged that she did indeed provide a victim impact statement in which she stated that she was not injured

---

[1] Appellant did not appeal the trial court's denial of his motion for release of the victim impact statement; accordingly, that issue is not before us.

4.

during the altercation with appellant. She acknowledged that this version of events was inconsistent with her original statement to the City of Oregon Police officer where she claimed appellant had assaulted her which resulted in appellant's arrest. She further testified that she provided this inconsistent statement based on her belief that it could prevent appellant from receiving a sentence which precluded him from seeing their child. M.K. also recounted a subsequent March 23, 2019 conversation that she had with the presentencing investigation officer in which she stated that her victim impact statement regarding the lack of injury was false and made solely for the purpose of helping appellant receive a lesser sentence.

{¶ 7} On re-direct examination, appellant's counsel noted that M.K. appeared to have a better recollection of her statements when questioned by the state than she did during his direct examination. M.K. offered no response to this commentary but again acknowledged providing a victim impact statement that was inconsistent with her prior version of events which led to appellant's arrest. Despite acknowledging that her victim impact statement was inconsistent with what she told police, M.K. denied stating that she had initially lied to the police about her altercation with appellant.

{¶ 8} Following appellant's questioning, the trial court engaged in its own examination of M.K. in which the following exchange occurred:

> The Court: Ma'am, in the, looking at the Complaint, the Complaint reads that the suspect elbowed the victim, you, in the tailbone. Did that happen?

5.

[M.K.]: Yes.

The Court: The defendant then threw the food stamp card, did that happen?

[M.K.]: Yes.

The Court: And the elbowing to the tailbone, did it cause injury?

[M.K.]: Swelling. I have scar tissue there and I might have a slipped disc.

Following this testimony, the court permitted each party to provide a summary of their argument. The trial court then stated:

[The v]ictim's statement did provide some clarity to me, my concern was in her Victim Impact Statement, which I had the opportunity to review, she stated that she had lied and I was concerned, I didn't know what that meant, that's the purpose for the hearing today. Her testimony today, I didn't know, I wasn't sure if she lied about the facts surrounding the incident, about the allegation or something else, but she made it clear to me with the testimony that she provided today that she is sticking by her version of facts that happened at the time of the incident, specifically that he elbowed her and caused the injury to her tailbone.

So the Court is satisfied in my mind that there isn't any new evidence. So your motion to withdraw the plea is denied.

{¶ 9} After denying appellant's motion, the trial court proceeded with sentencing. Appellant was sentenced to 180 days in jail with 173 days suspended. Appellant received credit for seven days he previously spent in custody prior to his sentencing. Appellant was also sentenced to one year of inactive probation with the conditions that he have no contact with M.K., that he obey all court orders, that he commit no subsequent offenses, and that he complete a Domestic Violence Batterers Program. Appellant was also ordered to pay a $200 fine plus court costs.

{¶ 10} The trial court's judgment entry was filed on April 2, 2019. On April 17, 2019, appellant timely filed his notice of appeal along with a motion for the appointment of appellate counsel. The trial court granted appellant's motion the same day. Appellant asserts the following error for our review:

The trial court erred to the prejudice of appellant by denying his presentence motion to withdraw his plea.

## II. Law and Analysis

{¶ 11} A motion to withdraw a plea of guilty or no contest is governed by Crim.R. 32.1 which states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Here, appellant's motion was filed prior to sentencing. "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an

7.

absolute right to withdraw a guilty plea prior to sentencing." *Id.* at syllabus. When a defendant files a motion to withdraw their plea, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* It is well-established, however, that "[a] mere change of heart is not a sufficient reason to permit the withdrawal of a plea." *State v. Acosta*, 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, ¶ 18. After conducting the hearing, the trial court exercises its discretion to determine whether to allow the defendant to withdraw the plea. *Xie* at 527. Therefore, we review a trial court's denial of a Crim.R. 32.1 presentencing motion to withdraw a plea under an abuse of discretion standard. *Id.* at 527.

{¶ 12} A trial court abuses its discretion when its ruling is "unreasonable, arbitrary, or unconscionable." *State v. Hartman*, 6th Dist. Huron No. H-17-014, 2018-Ohio-4452, ¶ 13, citing *Xie* at 527. In the context of Crim.R. 32.1, "[w]hat constitutes an abuse of discretion in over-ruling a motion to withdraw the guilty plea will vary with the facts and circumstances of each case." *Id.* To determine whether a trial court abused its discretion in denying a motion to withdraw a plea, we review the circumstances of that denial under the following nine factors:

> (1) whether the state will be prejudiced by withdrawal; (2) the
> representation afforded to the defendant by counsel; (3) the extent of the
> Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to
> withdraw; (5) whether the trial court gave full and fair consideration to the
> motion; (6) whether the timing of the motion was reasonable; (7) the

8.

reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Murphy*, 176 Ohio App.3d 345, 2008-Ohio-2382, 891 N.E.2d 1255, ¶ 39 (6th Dist.), citing *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001).

{¶ 13} "Consideration of the factors is a balancing test, and no one factor is conclusive." *Hartman* at ¶ 14, citing *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 13. "In reviewing these factors, it must be remembered that the ultimate question to be answered by the trial court is 'whether there is a reasonable and legitimate basis for the withdrawal of the plea,' * * * and the ultimate question to be answered by the court of appeals is whether the trial court abused its discretion in making this determination." *Id.*, citing *State v. Burns*, 12th Dist. Butler Nos. CA2004-07-084, 2005-Ohio-5290, ¶ 25, quoting *Xie*. To determine whether appellant had a reasonable and legitimate basis on which to withdraw his plea rather than a mere change of heart, we review the facts of this case as viewed under those factors.

### a. Prejudice to the state

{¶ 14} Appellant argues the state would suffer no prejudice had the trial court granted appellant's motion to withdraw. The state, in turn, fails to articulate any prejudice it would suffer had the trial court granted appellant's motion. We will not presume that the state will suffer any prejudice in the withdrawal of an offender's motion when the state fails to articulate any such prejudice. *State v. Bingham*, 2019-Ohio-3324,

9.

141 N.E.3d 614, ¶ 13 (3d Dist.).  Because the state failed to identify any prejudice it would suffer had the trial court granted appellant's motion to withdraw, this factor weighs in favor of appellant.

### b.  Representation afforded to defendant by counsel

{¶ 15} Appellant concedes that his trial counsel was not ineffective and does not argue that he received improper advice based on the facts available to him at the time of the plea.  This factor weighs against appellant.

### c.  Extent of Crim.R. 11 hearing and appellant's understanding of the charges and possible sentences resulting from his plea

{¶ 16} Appellant entered his no contest plea on December 11, 2018.  At that time, the trial court engaged in an extensive colloquy with appellant informing him of the rights he was waiving as well as the potential penalties that could be imposed as a result of his entering a no contest plea to the charge against him.  Appellant acknowledged his understanding of the rights being waived and the penalties that could be imposed. Appellant maintained his innocence, but elected to enter a no contest plea so that he could be released from local confinement and return to work to avoid losing his residence. While appellant had a reasonable basis on which to enter his no contest plea while not admitting guilt, he acknowledged both at the hearing and in his brief that he understood the charges and possible sentence resulting from that plea.  Therefore, this factor weighs against appellant.

10.

### d. The timing of the motion to withdraw

{¶ 17} Appellant entered his no contest plea on December 11, 2018. Appellant filed his motion to withdraw on February 11, 2019. The state does not argue that the timing of appellant's motion was unreasonable. Appellant notes that his motion was filed several weeks prior to his sentencing. In addition to the state's failure to challenge the timing of appellant's motion, the record reveals that appellant's motion was filed almost immediately after his discovery of the facts providing a basis for his plea withdrawal.

{¶ 18} Appellant's sentencing was originally scheduled for February 5, 2019. On that date, appellant learned of the contents of M.K.'s victim impact statement which directly contradicted her allegations which resulted in appellant's arrest.[2] Appellant immediately requested a continuance of his sentencing to discuss this issue with counsel. Appellant's motion to withdraw was filed less than a week later on February 11, 2019. We find the filing of appellant's motion within a week after learning of facts which would support the withdrawal of his motion to be reasonable. *See State v. Martre*, 3d Dist. No. 1-18-61, 2019-Ohio-2072, ¶ 23 (holding that the filing of a motion to withdraw within eight days of counsel learning of defendant's desire to withdraw his plea was reasonable despite a longer delay between entering the plea and filing of the motion). This, coupled with the state's failure to identify any portion of the record which would

---

[2] It is unclear how appellant learned of the victim impact statement as such statements are to remain confidential unless released to the defendant pursuant to a properly granted motion under R.C. 2930.14. This fact is immaterial, however, to determining whether appellant filed his motion to withdraw in a reasonable time.

11.

show the timing of appellant's motion was unreasonable results in this factor weighing in favor of appellant.

### e. Whether trial court gave full and fair consideration to the motion and the extent of the hearing on the motion

{¶ 19} The hearing on appellant's motion to withdraw was held on April 2, 2019. As to the extent of the hearing, appellant sought testimony from only one witness, M.K. The record does not reflect that the trial court prevented appellant from seeking testimony from any additional witnesses. However, the trial court's reliance on its own review of the victim impact statement in conjunction with M.K.'s testimony, while denying appellant the opportunity to utilize that statement during M.K.'s testimony shows appellant did not receive a hearing sufficient to examine the full extent of his motion.

{¶ 20} When questioned by appellant, M.K. stated she did not recall recanting her original version of events when providing her victim impact statement. The trial court denied appellant's request that it provide her with a copy of the statement in order to refresh her recollection. M.K. then, however, testified at some length that she not only recalled recanting her original version of events in her victim impact statement, but also that her purpose in recanting her allegations was to help appellant to receive a lighter sentence. While appellant was able to conduct a re-direct examination of M.K. based on her subsequent recollection of her victim impact statement, the trial court denied appellant the opportunity to review the statement and to ask M.K. about specific portions of it that she confirmed were inconsistent with her initial report to police.

12.

{¶ 21} More problematic, however, is that the trial court's own inquiry of M.K. was based on its own review of her victim impact statement, the same statement it denied appellant the opportunity to review or use during the hearing. The trial court chose to question M.K. because "she stated that she lied and I was concerned[.]" The trial court then determined that because M.K.'s testimony at the hearing comported with her original statement to the police that her subsequent recantation of those events did not support appellant's motion to withdraw. We cannot speculate as to what additional testimony appellant may have elicited in support of his motion had he been able to review the victim impact statement and utilize it during M.K.'s testimony. What the record clearly reflects, however, is that appellant was denied the opportunity to even attempt to identify support for his motion based on M.K.'s victim impact statement which the trial court itself found concerning. As a result, we find that appellant did not receive the full extent of the hearing necessary to provide support for his motion. This factor, therefore, weighs in favor of appellant.

{¶ 22} We also find that the trial court did not give full and fair consideration to the motion. At the conclusion of M.K.'s testimony, after both appellant and the state had completed their questioning, the trial court conducted its own examination of M.K. regarding the facts underlying the charge against appellant. The trial court then relied on this testimony to find that "[M.K.] is sticking by her version of facts that happened at the time of the incident, specifically that he elbowed her and caused the injury to her tailbone." In doing so, the trial court improperly shifted the focus of the hearing from

13.

whether appellant had a legitimate and reasonable basis for withdrawing his plea—that M.K.'s admittedly inconsistent statements could result in a complete defense to the charge if a jury determined her testimony was not credible— to whether appellant's claimed defense would ultimately be successful.

{¶ 23} The Second District Court of Appeals previously addressed the issue of a trial court attempting to determine the merits of a potential defense within the confines of a motion to withdraw a plea. In *State v. Young*, 2d Dist. Greene No. 2003 CA 89, 2004-Ohio-5794, the court held that the viability of a potential defense is not the standard on which a trial court determines whether a defendant has a legitimate basis to withdraw their plea. Instead, the question for the trial court is whether "the evidence suggests that the defendant may not be guilty of the offense, even if other factors do not weigh in favor of the withdrawal." *Id.* at ¶ 15. When there is significant potential for a defense to a charge which the defendant was unaware of at the time they entered their plea, that fact constitutes "a substantial basis upon which to base a pre-sentence motion to withdraw a guilty plea[.]" *Id.* Identifying evidence which supports a potential defense in a motion to withdraw constitutes more than "a mere change of heart" and weighs in favor of granting the motion. *Id.*

{¶ 24} While the facts in *Young* are readily distinguishable from the present case, the legal principal is sound and warrants application here. Rather than determine whether appellant's claimed potential defense to the charge constituted a reasonable and legitimate basis on which to grant his motion, the trial court usurped the role of the jury

14.

by determining that the claimed potential defense lacked merit. Appellant's contention is that M.K.'s inconsistent statements fairly raise questions as to her credibility. Since M.K. is the sole witness to the underlying event, her credibility is of paramount importance to the state's prosecution of this case.

{¶ 25} After providing her initial narrative of events to the police officer which resulted in appellant's arrest, M.K. has recanted and reaffirmed those events on four occasions. First, M.K.'s victim impact statement, as she described in her testimony, indicates that the event never took place and that she had lied to the police officer. Second, M.K. acknowledged having a March 23, 2019 conversation with another officer, who was present in the courtroom on the day of the hearing, in which she disavowed her victim impact statement stating her recantation of the underlying event was a lie to help appellant receive a lesser sentence. Third, during appellant's direct examination, she stated that she did not recall stating that she had lied in her victim impact statement despite remembering significant details of that statement moments later during the state's cross-examination. Fourth, when questioned by the trial court, M.K. adamantly reaffirmed the original version of events without regard to her subsequent, inconsistent statements.

{¶ 26} The multiplicity and inconsistent nature of M.K.'s statements raise legitimate questions about her credibility. Of particular note is that the inconsistency of these statements is of M.K.'s own doing. This is not a case where the victim claimed the defendant suggested or threatened the victim to change her story. Given that this case

rises and falls on M.K.'s testimony, as the sole witness to the underlying event, her statements and testimony present questions regarding her credibility which plainly supports a reasonable defense to the charge and warrants the granting of appellant's motion.

{¶ 27} We are mindful that a jury could ultimately determine there is no merit to appellant's claimed defense and we make no comment as to its viability moving forward. We merely find that application of the law regarding presentence motions to withdraw a plea only require a defendant to identify a reasonable and legitimate basis for the requested withdrawal. *State v. Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715. It follows, therefore, that a defendant is not required to prove such a defense at the time of the motion to withdraw; rather they must show that the claimed defense provides a reasonable and legitimate basis on which to withdraw the plea. *State v. Hartman*, 6th Dist. Huron No. H-17-014, 2018-Ohio-4452, ¶ 13. By weighing the merits of appellant's claimed defense, the trial court did not give full and fair consideration to appellant's motion and this factor, therefore, weighs in favor of appellant.

### f. Reason for withdraw and whether appellant was perhaps not guilty or had a complete defense to the charges

{¶ 28} Appellant's motion provided a clear basis for his request to withdraw his plea. Specifically, appellant argued that M.K.'s recantation of the underlying event, if known prior to entering his plea, could have assisted him in "further developing a defense to the charge; that is, that the offense did not occur." If a jury concluded that M.K.'s

inconsistent statements called her credibility into question, appellant argues, it could create a reasonable doubt as to whether the conduct supporting the charge even occurred. The potential for a jury to conclude that the conduct did not occur would certainly show that appellant's motion provides a basis that, perhaps, appellant was not guilty or had a complete defense to the charges. *See Young* at ¶ 15.

{¶ 29} Appellant's claimed defense comports directly with his representation at the change of plea hearing that he was innocent and M.K. had fabricated the event which resulted in his arrest. Legitimate questions regarding M.K.'s credibility, coupled with appellant's claimed innocence, provide additional support on which this factor weighs in favor of appellant. *See State v. Harman*, 6th Dist. Huron No. H-17-014, 2018-Ohio-4452, ¶ 29, citing *State v. Cuthbertson*, 139 Ohio App.3d 895, 746 N.E.2d 197 (7th Dist.2000) (holding that the potential harm in refusing to vacate a plea where the defendant possibly pled guilty to a crime they did not commit is great while the potential harm to the state in vacating that plea is slight). Not only has appellant provided a specific reason for his motion which could show that he had a complete defense to the charge, his stated reason —M.K.'s credibility—is the reason why he maintained his innocence at the change of plea hearing despite external circumstance which compelled him to enter a no contest plea. As a result, both of these factors weigh in favor of appellant.

{¶ 30} Having considered the facts of this case and applied the factors to be considered when reviewing the denial of a motion to withdraw a plea, we find appellant

17.

had a reasonable and legitimate basis for requesting this withdrawal. Appellant did not have a mere change of heart but identified specific grounds on which he sought to present a complete defense to the charge against him.

{¶ 31} This is not to say, however, that any motion to withdraw a plea claiming the moving defendant has a defense to the charges must be granted. Indeed, simply claiming to have a defense, without more, has been held to be insufficient to reverse a trial court's discretion in denying a motion to withdraw. *State v. Jenkins*, 9th Dist. Summit No. 22008, 2005-Ohio-11, ¶ 9, *rev'd on other grounds, In re Ohio Criminal Sentencing Statutes*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174 (holding that requesting consideration of an unsupported and inapplicable defense was not sufficient support to warrant the granting of a motion to withdraw a plea). Here, the record reflects more than a mere indication that a valid defense may be presented. The record contains testimony from the victim that the conduct for which appellant was convicted may not have occurred. This is particularly notable in that without any supporting physical evidence, M.K.'s initial statement and testimony is the only portion of the record supporting the charges. Whether the trial court believes that defense will ultimately succeed should not impact whether the presentation of a defense supported by testimony is a reasonable and legitimate basis on which a defendant should be permitted to withdraw their plea.

{¶ 32} Since appellant's motion identified a reasonable and legitimate basis on which he wished to withdraw his no contest plea, he has shown his request is based on

18.

more than a mere change of heart.  We find the trial court abused its discretion in denying appellant's motion which should have been freely and liberally granted, particularly under these circumstances.  Therefore, appellant's assignment of error is found well-taken.

### III.  Conclusion

{¶ 33} We find appellant's assignment of error well-taken.  We therefore reverse the April 2, 2019 judgment of the Oregon Municipal Court and remand this matter for further proceedings consistent with this decision.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                                           _____
                                                                                    JUDGE
Thomas J. Osowik, J.

Gene A. Zmuda, P.J.                                 _____
CONCUR.                                                                   JUDGE


                                                                   _____
                                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.