[Cite as *State v. Warren*, 2024-Ohio-1072.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No.  L-23-1081

    Appellee                                 Trial Court No.  CR0202201109

v.

Adante Warren                                **DECISION AND JUDGMENT**

    Appellant                                Decided:  March 22, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Adante Warren, appeals from the February 28, 2023 judgment of

the Lucas County Court of Common Pleas denying his pre-sentence motion to withdraw

his guilty plea. For the reasons that follow, the trial court's judgment is affirmed.

**I.  Factual and Procedural Background**

{¶ 2} On January 25, 2022, the Lucas County Grand Jury indicted Warren on one

count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a felony of the

first degree (count one); one count of felonious assault in violation of R.C. 2903.11(A)(1)

and (D) (count two); and one count of disrupting public services in violation of R.C.

2909.04(A)(1) and (C) (count three). On February 8, 2022, Warren, represented by attorney Jerome Phillips, entered a plea of not guilty to all of the charges.

{¶ 3} On September 6, 2022, nearly seven months later and following several continuances, Warren changed his plea, pleading guilty to the following lesser-included offenses: as to count one, burglary in violation of R.C. 2911(A)(2), a felony of the second degree; and as to count two, attempted felonious assault in violation of R.C. 2923.02(A) and (A)(1), a felony of the second degree.

{¶ 4} Before accepting Warren's plea, the trial court engaged in a Crim.R. 11 plea colloquy. During the colloquy, among other things, Warren testified that he had not been promised anything to enter into the plea other than the state's agreement to amend the first and second counts of the indictment, he had enough time to consult with attorney Phillips, and that he had committed the criminal conduct alleged in the amended counts one and two. The trial court also explained the range of sentencing that could be imposed, including the possibility of community control instead of a prison term. The court accepted Warren's plea, ordered a presentence investigation and report, and scheduled a sentencing hearing for October 20, 2022.

{¶ 5} On September 28, 2022, Warren filed a motion to withdraw his guilty plea along with a motion to substitute counsel from Phillips to attorney Owen Kalis. In support of his motion to withdraw his guilty plea, Warren, through Kalis, asserted ineffective assistance of counsel. Specifically, Warren claimed that Phillips promised Warren that if he pled guilty, Warren would receive no prison time. Warren argued this advice was incorrect because Warren pled guilty to a charge for which prison time was

2.

mandatory. Further, Warren alleged that Phillips threatened to withdraw as Warren's attorney if Warren refused to plead guilty, and Phillips had not advised Warren of potential defenses, including a Fourth Amendment challenge to the state's evidence.

{¶ 6} The trial court held a hearing on Warren's motion beginning on October 6, 2022. On that date, both Warren and Phillips testified.

{¶ 7} Warren stated that Phillips had only briefly reviewed discovery with him and that they never discussed potential defenses. He testified that Phillips presented the proposed plea deal only ten to fifteen minutes before the September 6th plea hearing, leaving him little time to make his decision. Warren also maintained that Phillips threatened to withdraw as counsel if he rejected the state's plea offer. He stated Phillips gave Warren a 99% guarantee that Warren would not receive prison time if he agreed to the proposed plea deal. Warren decided to go through with the plea agreement because, as a 27-year-old, he did not want prison time; however, he declared that his answers to the plea colloquy on September 6 had not been truthful, and he had only answered as he had been instructed by Phillips to do so.

{¶ 8} According to Phillips, he met with Warren on several occasions to discuss the case. During their meetings, Phillips provided Warren with all of the discovery, explained the legal issues in the case, and estimated the likelihood of Warren's success at trial. Phillips met with the trial judge and the prosecutor and negotiated a plea agreement in which Warren would be subject to community control and not serve prison time. Warren agreed to the terms, executed the papers, and entered the guilty plea. Two weeks later, Warren and his mother returned to Phillips's office, upset about the plea, and

3.

concerned with Warren's potential defenses. Phillips provided case law to Warren to support a lack of potential defenses and recommended that Warren seek new counsel if he wanted to withdraw his plea.

{¶ 9} At the hearing, Warren again asserted that Phillips's advice that Warren could be sentenced only to community control for a second-degree felony was incorrect, arguing that prison time was mandatory, and therefore Warren had ineffective assistance of counsel in entering into his plea. The trial court therefore ordered the parties to brief whether prison time is mandatory for a felony of the second degree and continued the hearing.

{¶ 10} On October 24, 2022, Warren filed a second motion to withdraw his guilty plea, this time labeling his motion as "Defendant's Motion for Withdrawal of Guilty Plea Based on the Incorrect Application of Mandatory Prison Sentencing Pursuant to R.C. § 2929.14(A)(2)(a)." In addition to arguing that prison time was mandatory for a second-degree felony, Warren argued that he was never advised on potential trial defenses nor "his right to a Fourth Amendment challenge to the admissibility of the State's evidence which it obtained by the interview of the victim, who was willing to testify as to what really occurred, including several other key witnesses [Warren] intends to call to testify." Warren also again alleged that Phillips had threatened to withdraw if Warren decided to go to trial.

{¶ 11} The state submitted a brief asserting that despite the presumption in favor of prison, a sentencing court could impose community control for second-degree felonies if it made certain findings under R.C. 2929.13(D)(2)(a) and (b).

4.

**{¶ 12}** On November 29, 2022, the trial court held a second hearing on Warren's motion to withdraw. The parties again discussed the statutes regarding sentencing for second-degree felonies, and Kalis refused to concede that a court could order community control instead of prison time for a second-degree felony. The trial court instructed Warren that Kalis's interpretation of the law regarding sentencing was incorrect and gave Warren the opportunity to consult with other counsel. Warren refused to do so.

**{¶ 13}** The trial court then gave Kalis the opportunity to create a record in support of the motion to withdraw. Kalis refused to provide any information regarding any defenses that he might assert at trial, including the Fourth Amendment challenge:

> The Court: Thank you. So, Mr. Kalis, this is your motion. Make a factual record as to any basis that you think justifies the Court allowing your client to withdraw his plea.
>
> Mr. Kalis: Under rule 32.1 it should be withdrawn prior to sentencing. He hasn't been sentenced, and he is factually innocent, Your Honor, and I am going to rest on that. I have nothing further to state.
>
> The Court: Really? You are not going to introduce any evidence?
>
> Mr. Kalis: Are we having a trial right now?
>
> The Court: No this is a motion – there has to be an evidentiary basis. Just the bare recitation of he's factually innocent you think will withstand scrutiny and justify the Court granting your motion?
>
> Mr. Kalis: Your Honor, we've already had this argument at the prior hearing, and then this hearing today has pretty much been an attack on me, and as of this point I

have nothing further to say because I think all the arguments have already been set forth.

{¶ 14} Phillips again testified regarding the discussions he had with Warren over the seven months he was his attorney, including two "lengthy" meetings they had after discovery was received and possible defenses. When the trial court questioned Phillips on his experience as counsel, Phillips stated that he had represented criminal defendants charged with all levels of felonies for over 50 years and participated in over 100 trials. Phillips testified that based on his experience, his review of the discovery, and his legal research, Warren did not have a complete defense to the charges, and that the plea agreement presented a better option to Warren than going to trial. Phillips pointed out the medical evidence against Warren. And although Warren may have had only ten to fifteen minutes to review the written plea agreement the morning of the plea hearing, Phillips stated he relayed the material terms of the agreement to Warren by phone the Friday afternoon before the hearing.

{¶ 15} Later, the trial court again offered Kalis the opportunity to provide an evidentiary basis for his motion:

The Court: And so, I have heard what you said, but I'm building a record for any potential future review, do you choose to put on the record here and now whether your client is perhaps not guilty or has a complete defense to the crime?

Mr. Kalis: Yes. He's not guilty, Your Honor.

The Court: Do you have any evidence –

Mr. Kalis: I –

6.

The Court: -- other than the statement of yourself as his Counsel?

Mr. Kalis: Yeah, I mean I have nothing to say as to my defense. Why would I show my cards to the Prosecutor prior to trial?

{¶ 16} On February 27, 2023, the trial court denied Warren's motion to withdraw, finding that Warren was represented by highly competent counsel and that he received a full Crim.R. 11 hearing. The court held that a full hearing was held on Warren's motion to withdraw his plea, the court had given full and fair consideration to the motion, Warren understood the nature of the charges and possible penalties, and Warren's later-asserted claim that he was factually innocent was not credible. Further, the court determined that Warren's claim for ineffective assistance of counsel lacked merit.

{¶ 17} The trial court then proceeded to sentence Warren to four years of community control.

{¶ 18} Warren filed a notice of appeal on March 31, 2023. On May 16, 2023, the trial court entered a nunc pro tunc judgment entry correcting the sentencing entry, and Warren filed an amended notice of appeal on July 10, 2023 attaching the nunc pro tunc judgment entry.

## II. Assignment of Error

{¶ 19} Warren asserts the following assignments of error for review:

1. The trial court abused its discretion by denying Appellant's presentence motion to withdraw his guilty plea.

2. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States

7.

Constitution and Article I, § 10 of the Ohio Constitution.

### III. Law and Analysis

### A. Warren's Presentence Motion to Withdraw

{¶ 20} In his first assignment of error, Warren argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Warren points to his testimony that Phillips threatened to withdraw as counsel if Warren did not accept the state's plea offer and that Phillips gave Warren a 99% guarantee that he would receive no prison time if he accepted the plea. Warren maintains the state would not have been prejudiced by his plea withdrawal because the victim was still willing to testify; the court did not give full and fair consideration of the motion "based on the issues discussed in this brief on the merits"; the motion to withdraw was timely made; and Warren's motion asserted Phillips gave him incorrect legal advice that he would receive no prison time for a second-degree felony[1] and did not inform him of his potential defenses, which may have included a Fourth Amendment challenge to the victim's statements. In his merit brief, Warren does not provide any additional detail regarding his potential defenses, nor does he explain his basis for the Fourth Amendment challenge.

{¶ 21} In response, the state argues that Warren's reason for seeking to withdraw his guilty plea amounted to a mere change of heart. The state concedes that the victim was still willing to testify. However, the state points to many other factors in contending

---

[1] Warren does not explain how Phillips's advice that he would likely not receive prison time if he entered into the plea agreement was defective in light of the trial court's order sentencing him to community control and reserving prison time.

8.

the trial court did not abuse its discretion, including the competence of Phillips, who had been practicing criminal defense law for over 50 years and had represented clients charged with all levels of felonies; Warren's properly conducted Crim.R. 11 hearing; the two hearings the trial court held on Warren's motion; Warren's opportunity to testify in support of his motion; the court's express invitation to Kalis to present evidence to support the motion; and the additional briefing the court ordered on the motion; and Warren's failure to present any evidence or details to support his claim of "factual innocence" or any other defense.

{¶ 22} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Although "a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted[,] * * * a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). "Withdrawal of a plea will not be permitted merely because a defendant has experienced a change of heart." *State v. Spigner*, 6th Dist. Erie No. E-21-054, 2022-Ohio-3171, ¶ 6.

{¶ 23} Before ruling on the motion, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at 527. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id*. at paragraph two of the syllabus. Accordingly, an appellate court must affirm the trial court's decision to deny a

9.

presentence motion unless the trial court's decision was "unreasonable, arbitrary or unconscionable." *Id.* at 527. Further, in resolving factual disputes regarding a defendant's reason for seeking to withdraw a plea, a reviewing court must "defer to the judgment of the trial court, because 'the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'" *Id.* at 525, quoting *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶ 24} In considering a presentence motion to withdraw a plea, Ohio courts consider the following nine factors:

> (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Dellinger*, 6th Dist. Huron No. H-02-007, 2002-Ohio-4652, ¶ 18, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

{¶ 25} These factors are part of a balancing test, and no one factor is conclusive. Further, applying the factors does not mean an appellate court "simply tabulate[s] whether more factors weigh in favor of granting or denying the motion to withdraw." *State v. Grier*, 6th Dist. Lucas No. L-21-1263, 2023-Ohio-207, ¶ 27. Instead, "the ultimate question to be answered by the trial court is 'whether there is a reasonable and

10.

legitimate basis for the withdrawal of the plea,' * * * and the ultimate question to be answered by the court of appeals is whether the trial court abused its discretion in making this determination." *State v. Hartman*, 6th Dist. Huron No. H-17-014, 2018-Ohio-4452, ¶ 14, citing *State v. Burns*, 12th Dist. Butler Nos. CA2004-07-084, 2005-Ohio-5290, ¶ 25.

{¶ 26} Based on the factors set forth above, the trial court did not abuse its discretion in denying Warren's motion to withdraw his guilty plea.

{¶ 27} Here, the state concedes that it would not suffer prejudice by the withdrawal of the plea and that Warren timely filed the motion to withdraw. Warren concedes that Phillips was highly competent counsel, the trial court properly conducted a Crim.R. 11 plea hearing, and Warren understood the nature of the charges and potential sentences. At issue, therefore, are three factors: the reasons for the motion, whether the accused was perhaps not guilty or had a complete defense to the charge, and whether the trial court gave full and fair consideration to the motion.

{¶ 28} Warren claims that he was unduly pressured into entering into the plea agreement, and he moved to withdraw his plea because he was "factually innocent" or had a defense to the charges.

{¶ 29} " 'Claims that counsel recommended the plea agreement and pressured the defendant to accept a plea bargain are of limited weight where the plea was knowingly and voluntarily made.' " *State v. Cooks*, 6th Dist. Sandusky No. S-21-023, 2022-Ohio-3495, ¶ 26, quoting *State v. Lawhorn*, 6th Dist. Lucas No. L-08-1153, 2009-Ohio-3216, ¶ 23. This court has held that a defendant's claim to have been pressured into entering into a plea agreement is insufficient if, at the plea hearing, the defendant testified under oath

11.

that he had not been pressured into accepting a plea agreement. *State v. Cheno*, 6th Dist. Lucas No. L-11-1250, 2012-Ohio-6066, ¶ 16. Further, in reviewing a defendant's claim to have been pressured into accepting a plea agreement under trial counsel's threat of withdrawal, an appellate court defers to the trial court's determination that the defendant's claim was not credible when the trial counsel's testimony denied the accusation and trial counsel had represented the defendant for months and through several continuances. *See State v. Resto*, 8th Dist. Cuyahoga No. 109109, 2020-Ohio-4299, ¶ 25-28, citing *Xie*, 62 Ohio St.3d at 525, 584 N.E.2d 715.

{¶ 30} Here, as Warren concedes, the trial court conducted a proper Crim.R. 11 plea hearing when Warren entered his guilty plea. During the plea hearing, the court inquired whether he had been threatened or any promises had been made to induce Warren to plead guilty. Warren asserted, under oath, that he had not been threatened and no promises had been made other than those in the plea agreement. Warren also testified that he reviewed and understood the plea agreement and was satisfied with his legal representation.

{¶ 31} At the hearings on Warren's motion to withdraw, Phillips testified that he had gone over the discovery, the potential defenses, and the likelihood of Warren's success at trial during several meetings with Warren. Phillips reviewed the material terms of the plea agreement with Warren on the Friday before the plea hearing. He also testified that before the plea hearing he did not threaten to withdraw from representing Warren if Warren rejected the plea agreement. Accordingly, the trial court found that

12.

Warren's claim that Phillips pressured or threatened him into entering a guilty plea was not credible, and this court must defer to the trial court's determination.

{¶ 32} Next, Warren did not present sufficient evidence of a defense or his "factual innocence" to merit withdrawal of his plea. "[S]imply claiming to have a defense, without more, has been held to be insufficient to reverse a trial court's discretion in denying a motion to withdraw." *Oregon v. Gaughan*, 6th Dist. Lucas No. L-19-1084, 2020-Ohio-4092, ¶ 31. If, however, the defendant was unaware of a defense when entering the plea, and the defendant demonstrates "significant potential" for that defense, then "a substantial basis upon which to base a presentence motion to withdraw a guilty plea" exists. *Id*. at ¶ 23, quoting *State v. Young*, 2d Dist. Greene No. 2003 CA 89, 2004-Ohio-5794, ¶ 15. "Identifying evidence which supports a potential defense in a motion to withdraw constitutes more than "a mere change of heart" and weighs in favor of granting the motion." *Id*.

{¶ 33} Kalis asserted that Warren was "innocent" but presented no evidence to substantiate his claim. Phillips, however, testified regarding medical evidence that supported the victim's claim and the offenses charged. Warren also mentioned a Fourth Amendment challenge in his motion to withdraw his plea, but he did not provide any basis whatsoever for this challenge in his motion or at either hearing date. Because Warren has not identified any evidence to support his defenses nor demonstrated "significant potential" for either defense, they cannot serve as a basis to support his motion to withdraw.

13.

**{¶ 34}** Finally, Warren's argument that the trial court did not give full and fair consideration to his motion is also without merit. Warren does not specify exactly how the trial court failed to give full and fair consideration to his motion, and instead generally points to "the issues discussed in this brief on the merits." "Appellate courts 'are not obligated to search the record or formulate legal arguments on behalf of the parties.'" *State v. Boles*, 6th Dist. Lucas No. L-19-1080, 2021-Ohio-363, ¶ 23, citing *Risner v. Ohio Dep't of Nat. Res., Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 28.

**{¶ 35}** The trial court conducted two hearings during which the trial court repeatedly asked for evidentiary support of Warren's motivations and even gave Warren the opportunity to seek other counsel. The trial court also gave Warren the opportunity to further brief his motion to withdraw, and the court issued a several-page opinion addressing the parties arguments. Because "bold assertions without evidentiary support * * * should not merit the type of scrutiny that substantial allegations would merit," the trial court gave full and fair consideration to Warren's motion. *State v. Gross*, 6th Dist. Lucas No. L-22-1001, 2022-Ohio-2434, ¶ 12, quoting *State v. Thomas*, 8th Dist. Cuyahoga No. 103759, 2016-Ohio-4961, ¶ 18.

**{¶ 36}** Warren has not established a reasonable and legitimate reason for withdrawing his guilty plea, or that his motivation to withdraw his plea was anything other than a change of heart. Therefore, the trial court did not abuse its discretion in denying Warren's motion to withdraw his plea, and Warren's first assignment of error is not well-taken.

14.

## B. Ineffective Assistance of Counsel

{¶ 37} In his second assignment of error, Warren asserts that his Sixth Amendment right to counsel was violated because both Phillips and Kalis provided ineffective assistance of counsel. As to Phillips, Warren repeats his allegations that Phillips coerced him into entering a plea agreement without discussing any potential defenses with him, threatened to withdraw from representing Warren if Warren did not accept the plea deal, and instructed Warren to admit to guilt at the plea hearing despite Warren's innocence. As to Kalis, Warren points to Kalis's repeated inaccurate assertions that prison time was mandatory a second-degree felony and his failure to present any basis for the claimed Fourth Amendment challenges in his written motion to withdraw the guilty plea.

{¶ 38} To establish ineffective assistance of counsel, Warren must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington,* 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002). "Because 'effective assistance' may involve different approaches or strategies, our scrutiny of trial counsel's performance 'must be highly deferential' with a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"

15.

*State v. Whitman*, 2021-Ohio-4510, 182 N.E.3d 506, ¶ 51 (6th Dist.), quoting *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner." *State v. McDonald*, 6th Dist. Sandusky No. S-13-031, 2015-Ohio-1869, ¶ 18, citing *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988).

{¶ 39} As to Phillips, the trial court found Warren's allegations that Phillips coerced him into accepting the plea agreement lacked credibility. Phillips testified that he evaluated Warren's potential defenses and likelihood of success at trial by reviewing case law and the discovery and determined, based on his many years of practicing criminal defense law, that Warren's best option was the plea agreement that Phillips negotiated with the state. Accordingly, Warren has not established that Phillips's performance fell below an objective standard of reasonable representation

{¶ 40} Further, although Warren has raised significant deficiencies in Kalis's representation of him throughout his motion to withdraw the guilty plea, Warren has not established Kalis's errors caused him prejudice. As already discussed, Phillips's advice to Warren recommending the plea agreement was not deficient, and Kalis's deficient representation did not alter the results of Phillip's competent representation. The trial court did not permit Warren to withdraw his guilty plea and ultimately sentenced Warren to community control.

{¶ 41} Warren's second assignment of error is not well-taken.

16.

## IV. Conclusion

For the foregoing reasons, Warren's appeal of the February 28, 2023 judgment of the Lucas County Court of Common Pleas is dismissed. Warren is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.           _____
                                             JUDGE

Myron C. Duhart, J. _____

Charles E. Sulek, P.J.           _____
CONCUR.                                            JUDGE

_____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.