**[Cite as *State v. Thieman*, 2025-Ohio-4439.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. {87}WD-24-079 |
| | {87}WD-24-082 |
| Appellee | Trial Court No. 2024 CR 0244 |
| | 2024 CR 0123 |
| v. | |
| William J. Thieman, Jr. | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 23, 2025 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} In this consolidated appeal, appellant, William J. Thieman, Jr., appeals from a judgment entered by the Wood County Court of Common Pleas, following his plea of guilty to two counts of unlawful sexual conduct with a minor and one count of failure to register as a sex offender. For the reasons that follow, the trial court's judgment is affirmed.

## Statement of the Case and the Facts

{¶ 2} Thieman was first charged in a three-count indictment on March 21, 2024. Count one charged him with unlawful sexual conduct with a minor for conduct that occurred on May 29, 2023, which was a felony of the third degree based upon the age of the victim. Count two charged him with unlawful sexual conduct with a minor for conduct that occurred on May 30, 2023, which was a felony of the third degree based upon the age of the victim. Count three charged him with rape for conduct that occurred on May 31, 2023, which was a felony of the first degree. These charges became the basis for case No. 2024-CR-123.

{¶ 3} On June 27, 2024, Thieman was charged in a single count indictment, charging him with failure to register as a sex offender, which was a felony of the fourth degree. That charge became the basis for case No. 2024-CR-244.

{¶ 4} On October 15, 2024, Thieman pleaded guilty to three of the four charges in a universal resolution for both cases. Specifically, he pleaded guilty to two counts of unlawful sexual conduct with a minor and to one count of failure to register as a sex offender. Part of the universal resolution involved the State's recommendation that the sentences for the three convictions run concurrently. The trial court discussed the State's recommendation with Thieman as follows:

> THE COURT: The State in this case, it is my understanding is recommending concurrent time on all of these. And your counsel is asking the Court to follow that. And the Court has indicated that in regard to the 60-month period, it would follow the 60-month concurrent time. Do you understand that?

2.

THE DEFENDANT: Yes.

THE COURT: And that's been communicated to you?

THE DEFENDANT: Yes.

THE COURT: I want to make sure that you understand that, too, that that is on the record. Okay. Just want to make sure. So just so you know, the maximum you're looking at is 60 months.

THE DEFENDANT: Yes.

{¶ 5} At the conclusion of the hearing, the trial court found Thieman guilty consistent with his pleas.

{¶ 6} At the November 19, 2024 sentencing hearing, the State reiterated its recommendation that the court impose a 60-month prison term as an aggregate sentence for the three charges to which Thieman had pleaded guilty. In addition, the State reminded the court that the recommendation was part of the plea agreement. Prior to the imposition of sentence, the trial court addressed Thieman, stating:

> At the time of the plea in this case the Court reviewed with you the potential penalties. And in reviewing those potential penalties, the Court went over the fact that the State was recommending a maximum of 60 months. The Court said that most likely it would follow that. But you didn't participate in the PSI. You've indicated that you just kind of forgot about it. And the Court said it would rely upon the PSI in making a final determination. That's at least the Court's memory of it.
>
> The Court has reviewed the PSI. It's listened to the testimony of the victims. I want to tell you something before we go to sentencing. The Court does not feel obligated to follow the

3.

60-month maximum. I'm going to allow you to take a few moments to talk with your counsel about that.

{¶ 7} Following a pause in the proceedings, Thieman's counsel stated that she and Thieman were prepared to proceed to sentencing, and that following sentencing they would "likely ask for appellate counsel to be appointed."

{¶ 8} Ultimately, the trial court imposed two 36-month prison sentences for the counts of unlawful sexual conduct, together with an 18-month prison sentence for the count of failure to register, all of which were ordered to be served consecutively, for an aggregate sentence of 90 months.

## Assignment of Error

{¶ 9} On appeal, Thieman asserts the following assignments of error:

I. The trial court erred and violated the terms of the agreed sentence that it discussed in the Rule 11 colloquy when it determined at sentencing that it would impose *consecutive* sentences as opposed to the *concurrent* sentence that the Court told Mr. Thieman it agreed to and that "the maximum you are looking at is 60 months."

II. Trial counsel was ineffective by failing to preserve the record and seek specific performance of the trial court's agreement at sentencing.

## Law and Analysis

## I.

{¶ 10} Thieman argues in his first assignment of error that the trial court erred in failing to abide by the 60-month term of incarceration that was both recommended by the

4.

State in the executed plea agreement and unconditionally agreed to by the trial court during the plea proceedings.

{¶ 11} "When a trial court accepts a plea bargain and makes a promise to impose sentence in a certain manner, consistent with the agreement, it becomes bound by said promise." *State v. Burks*, 2005-Ohio-1262, ¶ 19 (10th Dist.), citing *State v. Bonnell*, 2002-Ohio-5882, ¶ 18 and *United States v. Brummett*, 786 F.2d 720, *6 (6th Cir., 1986); *see also State v. Fenderson*, 2015-Ohio-565 (6th Dist.), ¶ 12-13; *State v. Bonnell*, 2002-Ohio-5882. Nonetheless, "there are instances in which a trial court intends to sentence a defendant in one manner and circumstances or facts arise which make the promised sentence inappropriate." *Bonnell* at ¶ 20. In such cases, the analysis "centers on whether the defendant was put on notice that the trial court might deviate from the terms of the plea agreement and whether the defendant was given the opportunity to withdraw his plea after receiving notice." *Id.* at 21; *see also State v. Willey*, 2002-Ohio-2849 ¶ 11. "Either the trial court must sentence appellant in accordance with the plea agreement or if it determines such a sentence is no longer appropriate, it must allow appellant the opportunity to withdraw his plea. *Id.* at ¶ 23; *State v. Cruz*, 2015-Ohio-2472, ¶ 13 (9th Dist.).

{¶ 12} In *Bonnell*, the trial court made a "definite and certain" promise to the appellant at the appellant's plea hearing that it would not sentence him to prison. *Bonnell* at ¶ 13, 19. But after the appellant failed to appear for his sentencing hearing, the trial court -- without ever indicating that it would not sentence the appellant in accordance

5.

with the plea agreement -- proceeded to sentence the appellant "not only to prison, but to a maximum sentence." *Id.* at ¶ 16-17, 20. On appeal, the Twelfth District reversed the appellant's sentence because the trial court had explicitly promised the appellant it would not send him to prison and then declined to uphold that promise at the sentencing hearing, without stating its intention and without giving the appellant the opportunity to withdraw his plea. *Id.* at ¶ 22.

{¶ 13} *Willey* involved a similarly certain promise that was revoked by the trial judge at sentencing, but that case had a different result on appeal. In *Willey*, the trial court made a promise to the appellant that it would sentence him to concurrent sentences, but at sentencing ordered that the appellant's sentences be served consecutively. *Id.* at ¶ 8-9. When the appellant objected to the sentence, citing the plea agreement, the trial court explained that the agreement had been reached and the pleas accepted before the court had reviewed the presentence investigation report and learned of the appellant's extensive criminal background. *Id.* The trial court offered the appellant the opportunity to withdraw his pleas, but the appellant declined the court's invitation. *Id.* On these specific facts, where the trial court had both informed the appellant about its unwillingness to abide by its promise regarding the appellant's sentence and provided him with the opportunity to withdraw his plea, the Fourth District found that no violation of the appellant's due process rights had occurred. *Id.* at ¶ 11, 14.

{¶ 14} In the instant case, the trial court promised Thieman at the plea hearing that the maximum sentence it would impose was 60 months. It did not place any conditions

6.

on this promise.  Based on Thieman's failure to cooperate with the presentence investigation, the trial court informed Thieman that it no longer felt obligated to impose the previously promised 60-month sentence. Importantly, however, like *Willey*, the trial court provided Thieman the opportunity to discuss the trial court's position with counsel. Following that discussion, Thieman elected to proceed to sentencing. At this time, he could have requested to withdraw his plea but did not do so. Instead, his counsel suggested Thieman would likely seek appointment of appellate counsel.  For these reasons, the trial court did not err in sentencing Thieman to an aggregate term of 90 months. Accordingly, appellant's first assignment of error is found not well-taken.

**II.**

{¶ 15} Thieman argues in his second assignment of error that his trial counsel was ineffective for "failing to preserve the record and seek specific performance of the trial court's agreement at sentencing."

{¶ 16} To establish ineffective assistance of counsel, Thieman must show "'(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different.'" *State v. Warren*, 2024-Ohio-1072, ¶ 38 (6th Dist.), quoting *State v. Hale*, 2008-Ohio-3426, ¶ 204, citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151 (2002). "Because 'effective assistance' may involve different approaches

7.

or strategies, our scrutiny of trial counsel's performance 'must be highly deferential' with a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *State v. Whitman*, 2021-Ohio-4510, ¶ 51 (6th Dist.), quoting *State v. Bradley*, 42 Ohio St.3d 136 (1989). "A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner." *Warren* at ¶ 38, quoting *State v. McDonald*, 2015-Ohio-1869, ¶ 18 (6th Dist.), citing *State v. Hamblin*, 37 Ohio St.3d 153, 155-156 (1988).

{¶ 17} Thieman argues that he received ineffective assistance of counsel because he believes his counsel "did not realize that he was entitled to specific performance and not simply recission of the plea." As indicated above, Thieman was not, in fact, entitled to receive specific performance in this case. Instead, upon learning of the trial court's intent to impose a sentence longer than 60 months, Thieman was entitled to withdraw his plea. But, as Thieman himself acknowledges in his brief, withdrawal of the plea is not a remedy he desires, even on appeal. As recognized by the State, withdrawal of the plea would potentially expose Thieman to a first-degree rape conviction. Under the circumstances, we find that Thieman failed establish any deficiency in his trial counsel's performance. In addition, given the trial court's clearly-stated position in this case, Thieman has failed to show a reasonable probability that but for trial counsel's decision to move forward to sentencing, the outcome of the proceedings would have been different. Thieman's second assignment of error is therefore found not well-taken.

8.

**Conclusion**

The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.